JAY L. SETTANNI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Settanni v. Commissioner
Docket No. 25958-85.
United States Tax Court
T.C. Memo 1987-14; 1987 Tax Ct. Memo LEXIS 14; 52 T.C.M. (CCH) 1336; T.C.M. (RIA) 87014; January 6, 1987. Patricia M. Schnegg, for the petitioner. James M. Kamman, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined deficiencies and additions to tax in petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Section 6653(a)(1) [1]
1979
$8,735.00
$406.00
1980
35,805.00
1,473.00
*15 This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that petitioner's petition was not timely filed. [2]
On May 20, 1982, petitioner signed a Form 2848, Power of Attorney and Declaration of Representative, appointing Gino Fragnoli (Fragnoli) as attorney-in-fact to represent him in connection with his 1979 and 1980 individual income tax returns. The form directed the Internal Revenue Service to send copies of notices and other written communications involving 1979 and 1980 tax matters to Fragnoli. On May 24, 1982, Fragnoli sent the Internal Revenue Service a letter requesting the Internal Revenue Service to "[p]lease address further correspondence or inquiries concerning the examination of Mr. Settanni's 1979 and 1980 individual income tax returns Form 1040 to my office." In a letter addressed to the Internal Revenue Service and dated September 14, 1983, Fragnoli wrote: Gentlemen: Your letter of August 15, 1983 was received by our client, Mr. Jay Settanni. Enclosed therewith was a report which proposes certain adjustments as *16 a result of the examination of Mr. Settanni's returns for the calendar years 1979 and 1980. A copy of the letter and the accompanying report was not sent to my office. However, under cover of May 24, 1982, Form 2848 Power of Attorney and Declaration of Representative was sent to Mr. Pablo Fernandez (the examining agent) at the Santa Ana office. A copy of Form 2848 accompanies this letter.[Emphasis in original.] * * * On January 31, 1985, respondent mailed to petitioner at 3183 B. Airway Avenue, Costa Mesa, California 92626, a notice of deficiency with respect to the taxable years 1979 and 1980, and a copy of said notice to Fragnoli, pursuant to the Power of Attorney. Someone at petitioner's address forwarded the original notice of deficiency to Fragnoli, who received said notice on February 25, 1985. At the time the notice of deficiency was mailed, petitioner was sailing to Hawaii. He returned from Hawaii on June 30, 1985 and filed his petition in this case on July 11, 1985, 161 days after respondent mailed the notices of deficiency. A notice of deficiency which is mailed to the taxpayer at his last known address shall be sufficient unless the taxpayer has properly *17 notified the Commissioner that a fiduciary has been substituted for the taxpayer. See sec. 6212(b)(1). The taxpayer may file a petition with the Tax Court within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency is mailed. See Sec. 6213(a). Petitioner contends that the notice of deficiency is invalid because respondent did not send it to petitioner's last known address. Specifically, he contends that respondent should have mailed the original notice of deficiency to Fragnoli's address. [3] Respondent contends that petitioner's last known address was the Costa Mesa address, he mailed the notice to said address, and petitioner did not file his petition within the 90 or 150-day period prescribed by section 6213(a). Respondent argues alternatively that if petitioner's last known address was Fragnoli's address, Fragnoli received the notice of deficiency in time for petitioner to file a petition. *18 In the present case, we need not decide what petitioner's last known address was. On January 31, 1985, respondent mailed a notice of deficiency to petitioner's Costa Mesa address and a copy of said notice to Fragnoli's address pursuant to the Power of Attorney. [4] Someone forwarded the original notice of deficiency to Fragnoli. Fragnoli received the notice on February 25, 1985. Regardless of which address was petitioner's last known address, an individual at each address received the notice in time for petitioner to file a petition. See . Petitioner failed to file his petition within either the 90 or 150-day period prescribed by section 6213(a). Accordingly, petitioner did not timely file his petition, and we lack jurisdiction. Petitioner contends that respondent must send the original notice of deficiency to petitioner's last-known address, i.e., the language in section 6212(b)(1) is mandatory, not permissive. We disagree. See . Finally, *19 petitioner contends that the line of cases which militate against his position are distinguishable. Petitioner contends that in the other cases, the taxpayer had actual knowledge of the notice of deficiency, whereas in the present case, only the taxpayer's representative had knowledge. Petitioner has argued that respondent should have sent the original notice of deficiency to Fragnoli, his representative. Consequently, he cannot argue in the same breath that respondent improperly notified his representative and did not notify him. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The petition did not state petitioner's legal residence pursuant to Rule 34(b)(1).↩
3. Petitioner contends in his petition that he was out of the United States on the date the notice of deficiency was mailed, the 150-day period for filing should apply, and said period should commence on February 25, 1985, the date Fragnoli received the original notice. Petitioner did not advance these arguments at the hearing or in his brief, and apparently has abandoned them.↩
4. Petitioner contends that Fragnoli did not receive the copy of the notice mailed on January 31, 1985.↩